## COURT OF APPEALS.

MERCHANTS' NATIONAL BANK OF NEW YORK agt. SHEEHAN and another.

*Code of Civil Procedure, section 870 — Examination of defendant by plaintiff before suit brought authorized by this section.*

Under section 870 of the Code of Civil Procedure, an order *may* be granted to the plaintiff for the purpose of examining a person against whom he proposes to bring an action, but the granting of such order is entirely in the discretion of the court.

*Decided January,* 1886.

*M. J. Scanlan,* for appellants.

*G. Zabriskie,* for respondent.

ANDREWS, *J.*— The question on this appeal depends upon the construction of section 870 of the Code, which is as follows:

"The deposition of a party to an action pending in a court of record, or of a person who expects to be a party to an action about to be brought in such a court," &c., "may be taken at his own instance, or at the instance of an adverse party, or of a co-plaintiff or co-defendant, at any time before the trial, as prescribed in this section."

The question presented is whether this section authorizes an order for the examination of a person against whom an action is about to be brought, upon the application of the person who is about to bring such action, but before it has been actually commenced.

The section is obscure, and its interpretation is by no means clear. The deposition to be taken is of the person "who expects to be a party." A person who contemplates bringing an action expects to be a party thereto, and it seems to be clear that, under the section, he can procure his own testimony to

be perpetuated. The person against whom the action is to be brought may expect to be sued. A suit may have been threatened, or he may know that a cause of action has accrued against him, or that a liability is claimed, likely to result in litigation. Is the remedy given by this section available to either of the persons so situated, and may an order be granted before suit brought, upon the application of either, for the examination of his adversary? Considering this section alone, the most natural meaning would seem to be that a person who expects to become or to be made a party to an action, may, on his own application, have his deposition taken in anticipation of the actual commencement of the suit, and that the words "or at the instance of an adverse party" only apply when the person seeking the examination of his adversary is a party to a pending action. The change of phraseology by the substitution of the word "party" in the second clause, for the word "person" in the first clause, gives some force to this construction. But section 879 seems to render it clear that a proceeding under section 870 may be instituted by an adverse party against the other, although no suit has been commenced, but is only contemplated. That section provides that certain specified sections for the punishment of contumacious witnesses shall apply "to the examination of a party or a person expected to be an adverse party." It would be absurd to provide for the punishment of a person who sought to perpetuate his own testimony. The section plainly was intended to provide for the case of a contumacious witness, expected to be made a party to an action, whose examination was sought by his adversary.

On the whole, we are of opinion that the order issued in this case, on the application of the bank, for the examination of Sheehan, against whom the bank was about to commence an action, was authorized, and that he was in contempt for disobeying it. The bank might have commenced its action, and then have procured an order for the examination of the defendant. The granting of an order in such a case as this, before suit brought, upon the application of the proposed plaintiff, is

People *ex rel.* Supervisors of Ulster County agt. City of Kingston.

within the discretion of the court, but it can rarely happen that justice will be promoted by granting an order on the application of a proposed plaintiff, before the commencement of an action; and the practice, unless carefully guarded, may lead to great abuse.

The order should be affirmed.

All concur.